**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Wayne LINCOLN, II,**
**Defendant—Appellant.**

**No. 04–30226.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2005.

Decided Aug. 10, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

6. *Ameline,* 409 F.3d at 1078.

7. —— U.S. ——, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005).

8. *See Ameline,* 409 F.3d at 1084.

Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Mary C. Geddes, Esq., Rich Curtner, Esq., Federal Public Defender's Office, Anchorage, AK, for Defendant–Appellant.

Before: CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM [*]

Robert Lincoln appeals the district court's denial of his motion to suppress evidence found during a search of his person and vehicle, as well as statements he made before and after his formal arrest. Lincoln seeks to suppress the evidence and statements as the fruit of violations of the Fourth Amendment and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We affirm.

## I. *TERRY* STOP AND FRISK

Officers had reasonable suspicion to detain Lincoln briefly and frisk him for weapons. Officers knew specific, articulable facts that provided a reasonable basis to infer that Lincoln was engaged in criminal activity. *See, e.g., United States v. Michael R.*, 90 F.3d 340, 345 (9th Cir.1996) (stating standard). Officers responded to a 911 call in which Lincoln's girlfriend complained that the two had been fighting and Lincoln was selling drugs. Officer Hokenson also had been called to Lincoln's trailer the night before for a similar do-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mestic disturbance. When the officers arrived, Lincoln was letting the air out of a van's tires in the middle of the night. Finally, the officers knew that drug dealers often carry guns and that domestic disturbances often escalate into violent situations. These facts gave rise to reasonable suspicion for the *Terry* stop and the subsequent frisk for weapons.

■ During the frisk, when Officer Clark felt a hard, cylindrical object that he thought could be a pocket knife, he was permitted to remove the object to assure himself that it was not a weapon. *See, e.g., United States v. Mattarolo*, 209 F.3d 1153, 1158 (9th Cir.2000); *United States v. Thompson*, 597 F.2d 187, 191 (9th Cir. 1979). His questions about its contents did not constitute a search or manipulation of the object.[1] *Compare Muehler v. Mena*, — U.S. —, 125 S.Ct. 1465, 1471–72, 161 L.Ed.2d 299 (2005), *with Minnesota v. Dickerson*, 508 U.S. 366, 378–79, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).[2]

## II. REMAINING CHALLENGES

Lincoln's remaining challenges also fail. First, the district judge did not clearly err in his conclusion that the physical evidence would have been inevitably discovered. Second, the physical evidence would have been admissible even if there had been a violation of Lincoln's *Miranda* rights. *See United States v. Patane*, 542 U.S. 630, 124 S.Ct. 2620, 2630–31, 159 L.Ed.2d 667 (2004) (plurality opinion) (concluding that *Miranda* does not require suppression of physical evidence discovered as fruit of a

defendant's unwarned, yet voluntary, statements).

Finally, the district judge properly denied the suppression of the statements that Lincoln made on the way to the station. Lincoln's statement that he "only sells drugs because of [his girlfriend]" was spontaneous and not made in response to custodial interrogation. Officer Clark's statements to Lincoln were not " 'reasonably likely to elicit an incriminating response from' " Lincoln. *United States v. Orso*, 266 F.3d 1030, 1033 (9th Cir.2001) (en banc) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)).

## AFFIRMED.

RAWLINSON, Circuit Judge, Dissenting.

I respectfully dissent, because the majority's holding in this case conflicts with our ruling in *United States v. Miles*, 247 F.3d 1009 (9th Cir.2001).

The validity of the seizure of evidence in this case is inextricably intertwined with the validity of the patdown conducted pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). As we recognized in *Miles*, "the purpose of a *Terry* stop is to allow the officer to pursue his investigation without fear of violence." *Miles*, 247 F.3d at 1012 (citation and internal quotation marks omitted). If the stop exceeds a brief restraint and check for weapons, an arrest occurs, requiring probable cause. *See id.*

---

1. Because articulable suspicion permitted the officers to frisk Lincoln without his consent, we need not address Lincoln's contention that his consent to the search was not voluntary.

2. Unlike the dissent, the majority of the panel concludes that this case is distinguishable from *United States v. Miles*, 247 F.3d 1009

(9th Cir.2001), because Officer Clark did not know whether the object was a weapon when he removed it from Lincoln's pocket. His inquiry did not extend the detention and thus was permissible under *Muehler*, 125 S.Ct. at 1471.

If during a *Terry* patdown, the officer feels an object that he recognizes immediately as contraband, that tactile recognition may constitute probable cause. *See id.* at 1013. However, if the object is not immediately recognized as contraband and is not a weapon, any further inquiry is "not authorized by *Terry.*" *Id.* at 1014.

In *Miles,* the officer felt a box in the suspect's pocket, "one-half the size of a package of cigarettes." *Id.* We ruled that the "small box ... could not possibly be a weapon." *Id.* We concluded that because the officer did not "immediately recognize the box as contraband" and it clearly was not a weapon, "the officer's further manipulation of the box was impermissible." *Id.* at 1015.

In this case, the officer removed from the defendant's pocket a small cannister of the type normally containing 35mm film. The officer did not consider the cannister to be a weapon and could not readily recognize the cannister as contraband. At that point, as in *Miles,* any *Terry* justification ended. At that point, further investigation required probable cause, of which there was none. In my view, this case is virtually indistinguishable from *Miles,* where we held that "officers cannot leverage the safety rationale into a justification for a full-scale search." *Id.* Accordingly, I would reverse the district court's denial of the defendant's motion to suppress.